# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>FABIAN TAYLOR, JR.,<br><br>Defendant. | Case No. CR15-0057<br><br>ORDER FOR PRETRIAL DETENTION |

On the 3rd day of September, 2015, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney C.J. Williams. The Defendant appeared personally and was represented by his attorney, John D. Jacobsen.

## I. RELEVANT FACTS AND PROCEEDINGS

On June 24, 2015, Defendant Fabian Taylor, Jr. was charged by Indictment (docket number 2) with possession of a firearm by a felon. At the arraignment on September 1, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on November 2, 2015.

Cedar Rapids Police Officer John O'Brien, who is currently assigned to the FBI Safe Streets Task Force, testified regarding the circumstances underlying the instant charge. On July 20, 2014, authorities responded to multiple 911 calls reporting "shots fired." Officers were told that witnesses saw three or four shots coming from the rear passenger door of a white Hummer, which had left the area. Officers located a white Hummer near the scene, which did not immediately stop when officers activated their

emergency lights. Apparently after a short period of time, however, the Hummer pulled over.

There were four occupants in the vehicle, with Defendant sitting in the right rear passenger seat. All four occupants initially denied any knowledge of a shooting, saying that they may have heard firecrackers. Michael Hicks, who was sitting in the left rear passenger seat, eventually testified before a grand jury that Defendant had shot out the window of the Hummer and then apologized to the other occupants for losing his temper. Hicks admitted that he was in possession of a firearm that day, which he threw out the window before the vehicle stopped. Officer O'Brien was not clear on what Hicks told authorities regarding Defendant disposing of his firearm.

Following the incident, a citizen called the police department and reported seeing a brown leather bag being thrown out the passenger side of the white Hummer. When the citizen inspected the bag, she found a .357 loaded revolver. Officers inspected the firearm and found three spent rounds and three live rounds in the gun. The gun was found in an alley which the Hummer took while initially attempting to evade officers.

The next day, officers found a .32 revolver in the same alley, approximately 50 feet from the .357 revolver found the day before. The .32 revolver was loaded, with no shots fired. It was found on the left side of the alley, consistent with Hicks' testimony regarding his disposition of the firearm in his possession.

Following the incident, Defendant was transported to the Cedar Rapids Police Department. Apparently, he was not under arrest at that time and was not in handcuffs. A video of the back of the squad car shows Defendant licking his hands and arms, in an apparent attempt to get rid of any gun powder residue. Defendant was subsequently arrested on an outstanding warrant, and also charged with a crime of providing false identification information.

According to the pretrial services report, Defendant is 28 years old. He has lived in Cedar Rapids since age 12. His mother and four siblings all reside in Cedar Rapids. Defendant is separated from his wife. They have three children (ages 5, 3, and 3). Defendant also has two daughters (ages 1 and 2) from two other relationships. Those children live with their respective mothers in Cedar Rapids. Prior to his arrest, Defendant was living with his girlfriend, and she told the pretrial services officer that he could return there if released.

Defendant is in good physical health and does not suffer from any mental illness. He has not been employed since late 2014, but his girlfriend believed that he could obtain employment at the restaurant where she works. Defendant has previous experience working at restaurants.

Defendant admitted that he used marijuana daily from approximately 2003 to 2013. Since that time, he has used marijuana three or four times per year, but could not recall when he last used marijuana. He also admitted using ecstasy once in 2011.

Defendant has an extensive prior criminal record. In April 2004, at age 16, Defendant was adjudicated delinquent for theft in the fifth degree and two counts of assault. Within a month, Defendant had violated his probation and he was placed in a juvenile residential center. Defendant also violated his juvenile probation a second time.

While on probation, Defendant was charged with criminal mischief in the fourth degree. He was waived to district court. Defendant failed to appear for a pretrial conference and a warrant was issued. One week later, he was charged in Minnesota with possession of six grams or more of a controlled substance (Dakota County) and burglary in the first degree (Anoka County). Defendant was sentenced to 36 months in prison on the burglary charge and was paroled after approximately 13 months. Within a month, however, his parole was revoked and he was sent back to prison. He was paroled a second

time in February 2008. While on parole, the Defendant was charged and convicted in Iowa with interference with official acts.

In 2008, Defendant was charged and convicted of possession of a controlled substance. In 2009, Defendant was charged with domestic abuse assault. Twelve days later, he was charged with assault on a peace officer. He was later found in contempt of court for violating the no contact order and sentenced to 15 days in jail on the assault charge.

In June 2010, Defendant was charged with possession of a controlled substance. Nine days later, he was charged again with possession of a controlled substance and assault. In February 2011, Defendant was charged and later convicted of assault. Later in 2011, Defendant failed to appear for a pretrial conference on a new charge of criminal mischief, fourth degree, and a warrant was issued for his arrest.

In 2012, Defendant had convictions for possession of drug paraphernalia and disorderly conduct. He was also charged with public intoxication, and convicted in absentia in February 2013 when he failed to appear for trial. In January 2013, Defendant was charged and later convicted of possession of a controlled substance and operating while intoxicated. He failed to appear for arraignment and a warrant was issued for his arrest. Defendant also failed to appear for a pretrial conference on a new charge of possession of a controlled substance and a warrant was issued for his arrest on April 3, 2014. That warrant was outstanding when these events allegedly occurred on July 20, 2014. Earlier this year, Defendant was convicted in Douglas County, Nebraska, with attempt to deliver a controlled substance, and sentenced to 60 days in jail.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984,

while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the

5

defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

### B. Analysis

Turning to the facts in the instant action, Defendant is charged with possession of a firearm by a felon. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to 18 U.S.C. § 3142(f)(1)(E).

The weight of the evidence against Defendant is strong. Michael Hicks testified under oath before a grand jury that Defendant fired a gun out the window of a Hummer which they both occupied. Hicks' testimony is corroborated by information received from the 911 calls and the discovery of two guns at the scene. While Defendant has substantial ties to the community, he does not have stable employment even though he is apparently in good physical health. Defendant has a substantial prior criminal record. By my count, he has eight drug-related convictions and seven convictions for assault or disorderly conduct, including assault on a police officer. He has twice been found in violation of

probation, and had his parole revoked on another occasion. In addition, he was found in contempt of court for violating a court no contact order. Defendant failed to appear for court proceedings on six occasions, including five times in the last two years. There was a warrant outstanding for Defendant's arrest at the time of these events. Defendant provided false identification information at the time of these events. The Court has no confidence that Defendant would comply with any terms or conditions which it may impose for his release.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is

confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (September 1, 2015) to the filing of this Ruling (September 3, 2015) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 3rd day of September, 2015.

_____
JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA